IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00199-GPG

CRAIG HOLLIS,

    Applicant,

v.

JAMES FAULK, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

---

ORDER DIRECTING APPLICANT TO FILE AMENDED APPLICATION

---

    Applicant, Craig Hollis, is a prisoner in the custody of the Colorado Department of Corrections. Mr. Hollis has filed *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1). The court must construe the application liberally because Mr. Hollis is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. Mr. Hollis will be ordered to file an amended application if he wishes to pursue any claims in this action.

    The application is deficient because Mr. Hollis makes only vague and conclusory allegations that his custody is unlawful. He fails to explain why he believes his custody is unlawful and he fails to provide a clear statement of his claim that demonstrates his federal constitutional rights have been violated. It is not even clear whether Mr. Hollis is challenging the validity of his sentence, a claim that properly is asserted in a habeas

corpus action pursuant to 28 U.S.C. § 2254, or whether he is challenging the execution of his sentence, a claim that properly would be asserted pursuant to 28 U.S.C. § 2241. If Mr. Hollis is claiming the sentence imposed by the sentencing court is unlawful for some reason, he is challenging the validity of the sentence. If he is claiming prison officials are not computing the sentence correctly or otherwise are keeping him in prison longer than the sentence authorized by the sentencing court, he is challenging the execution of his sentence. Although the court must construe the application liberally, "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Habeas corpus relief is warranted only if Mr. Hollis "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Pursuant to Rules 2(c)(1) and 2(c)(2) of the Rules Governing Section 2254 Cases in the United States District Courts, which apply to this habeas corpus action even if Mr. Hollis is challenging the execution of his sentence pursuant to § 2241, Mr. Hollis must provide specific factual allegations in support of the federal constitutional claim he is asserting. These habeas corpus rules are more demanding than the rules applicable to ordinary civil actions, which require only notice pleading. *See Mayle v. Felix*, 545 U.S. 644, 655 (2005). "A prime purpose of Rule 2(c)'s demand that habeas petitioners plead with particularity is to assist the district court in determining whether the State should be ordered to 'show cause why the writ should not be granted.'" *Id.* at 656 (quoting 28 U.S.C. § 2243). Naked allegations of constitutional violations are not cognizable in a habeas corpus action. *See Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (per

curiam).  Accordingly, it is

ORDERED that, **within thirty (30) days from the date of this order**, Mr. Hollis file an amended application that clarifies the federal constitutional claim he is asserting. It is

FURTHER ORDERED that Mr. Hollis shall obtain the appropriate, court-approved habeas corpus application form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Mr. Hollis fails within the time allowed to file an amended application that complies with this order, the action will be dismissed without further notice.

DATED February 22, 2015, at Denver, Colorado.

BY THE COURT:

S/ Gordon P. Gallagher

United States Magistrate Judge